| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | *NOT FOR PUBLICATION* |

------------------------------------------------------------x
*In re:*

Shelly Jones, and  : Chapter 13
Warren Gregory Jones,  : Case No. 23-35048

                                  *Debtor*
------------------------------------------------------------x

## DECISION GRANTING THE CHAPTER 13 TRUSTEE'S MOTION TO DISMISS

**A P P E A R A N C E S :**

*Debtors, Pro Se*
Shelly Jones and Warren Gregory Jones
32 North Clover St.
PH
Poughkeepsie, NY 12601

*Standing Chapter 13 Trustee*
Krista M. Preuss
399 Knollwood Road, Suite 102
White Plains, New York 10603

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

      Pending before the Court is the motion of the Chapter 13 Trustee (the "Trustee") to dismiss or convert the case of the *pro se* debtors, Shelly Jones and Warren Gregory Jones, ("Debtors") for cause under 11 U.S.C. § 1307(c). For the reasons explain below, the Court grants the Trustee's motion.

### Jurisdiction

      This Court has jurisdiction over this contested matter under 28 U.S.C. § 157, 28 U.S.C. § 1334 and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and one over which this Court has authority to enter a final judgment.

## BACKGROUND

The Debtors filed a voluntary petition on January 20, 2023. (Vol. Pet., ECF[1] No. 1). Debtors filed their Chapter 13 plan on February 2, 2023. (Plan, ECF No. 15).

On February 14, 2023, PennyMac Loan Services, LLC, ("Pennymac") filed an objection to the confirmation of the Debtors' plan (Objection, ECF No. 16), and on March 28, 2023, Pennymac filed a motion for relief from stay. (Mot., ECF No. 18). Debtors filed opposition to the objection to confirmation, arguing Pennymac is not named on the note or any assignment on any public record. (Opp'n to Objection, ECF No. 22). The Debtors filed opposition to Pennymac's motion to lift the stay, arguing that Pennymac has no claim to their property, and that the loan documents submitted by Pennymac fail to show proper chain of title. (Opp'n to Mot., ECF No. 27). The Debtors opposition papers made various unsubstantiated allegations of fraud and harassment by the creditor, citing the creditor's stated intentions to seek relief from the stay.

Following a hearing on April 25, 2023, on Pennymac's motion to lift the stay, the Court entered an order lifting the stay to allow Pennymac to enforce its rights in and to the Debtors' real property.

On May 1, 2023, the Trustee moved to dismiss the Debtors' case. (Mot., ECF No. 30). The motion lists various Bankruptcy Code sections that the Debtors allegedly failed to comply with. The Trustee's motion seeks dismissal pursuant to Bankruptcy Code § 1307(c)(1) for unreasonable delay which is prejudicial to creditors; 11 U.S.C. § 521(a)(1)(B)(iv) and Bankruptcy Rule 1007(b) for failing to file copies of all payment advices or other evidence of payment for last 60 days before the date of the filing of the petition by the Debtor from any

---

[1] Unless otherwise noted, all references to "ECF" are references to this Court's electronic docket in case number 23-35048-cgm.

employer of the Debtor; 11 U.S.C. § 1328(a) for failure to file a certification that all amounts payable under a domestic support obligation have been paid; for failing to provide the Trustee with 2021 and 2022 federal and state tax returns and refunds, if any; for failing to amend the plan to correct the plan months listed; and for failing to amend the plan to include all secured and priority creditors consistent with the amounts listed in the filed claims.

The Debtors oppose the motion. (Objection to Mot., ECF No. 38). The Court held a hearing on the motion on May 23, 2023. At that hearing, the Trustee reported that the Debtors had provided tax returns and plan payments. Issues remained regarding addressing all claims and correcting the dates of plan payments.

## DISCUSSION

Pursuant to 11 U.S.C. § 1307(c)(1), the Court may dismiss a chapter 13 case for a debtor's unreasonable delay that is prejudicial to creditors. 11 U.S.C. § 1307(c)(1). "The powers bestowed upon the court in § 105(a) include the equitable and discretionary power to dismiss a case under § 1307(c)." *Howard v. Lexington Invs.*, 284 F.3d 320, 323 (1st Cir. 2002). The Court may find unreasonable delay in a debtor's failure to file necessary modifications of a plan or in obtaining necessary acceptances from the holders of allowed secured claims. *See, e.g., De la Salle v. U.S. Bank, N.A.* (*In re De la Salle*), 461 B.R. 593 (B.A.P. 9th Cir. 2011); 11 U.S.C. § 1325(a)(5). Where a further delay by the debtor "would only prejudice creditors and [make] the feasibility of any plan unlikely" conversion or dismissal is proper. *Howard*, 284 F.3d at 323 (citing *In re Gonzalez*, 99 B.R. 188, 191 (Bankr. D.P.R. 1989)).

A debtor who seeks the protections of the Bankruptcy Code "'has the responsibility to inform herself of her duties' under the Code." *Rivera v. JP Morgan Chase*, No. 20-CV-5436 (JMA), 2021 U.S. Dist. LEXIS 95081, at *9 (E.D.N.Y. May 19, 2021) (quoting *In re Ward*, 423

B.R. 22, 34 (Bankr. E.D.N.Y. 2010)); *Taal v. St. Mary's Bank*, No. 13-CV-194-PB, 2014 WL 130980, at *3 (D.N.H. Jan. 10, 2014) ("Chapter 13 allows a debtor many benefits over other bankruptcy proceedings, but '[t]o obtain these benefits, Chapter 13 debtors are required to act swiftly.'") (quoting *Howard*, 284 F.3d at 321 n. 1).

The Debtors have failed to file a plan that addresses all secured claims, as required for confirmation. (Plan, ECF No. 15). The Plan provides for incorrect starting and ending periods for payments. (*Id.*). The Debtors were repeatedly made aware of these deficiencies. The Court has given the Debtors time to address these deficiencies and make progress towards confirmation of a plan. Instead, Debtors continue to insist that Pennymac is not a creditor; that the claim filed by Pennymac should not be provided for in their plan; and that the Court and the Trustee are violating their constitutional rights. (Objection to Mot., ECF No. 38). Debtors' response fails to show how further delay would make feasibility of the plan any more likely. The Court will not allow the Debtors to delay further and continue to enjoy the benefits of the Bankruptcy Code.

## CONCLUSION

For the foregoing reasons, that the Trustee's Motion is granted. The Trustee shall submit an order within fourteen days of the issuance of this decision, directly to chambers (via E-Orders), upon not less than two days' notice to all parties, as required by Local Bankruptcy Rule 9074-1(a).



**Dated: May 24, 2023**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**