| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | | *NOT FOR PUBLICATION* |
|---|---|---|

------------------------------------------------------- x

*In re:*

|  | : |  |
|---|---|---|
| Shelly Jones, and | : | Chapter 13 |
| Warren Gregory Jones, | : | Case No. 23-35048 |
|  | : |  |
| *Debtors* | | |

------------------------------------------------------- x

## MEMORANDUM DECISION DENYING STAY PENDING APPEAL

**A P P E A R A N C E S :**

*Debtors, Pro Se*
Shelly Jones and Warren Gregory Jones
32 North Clover St.
PH
Poughkeepsie, NY 12601

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the motion of the debtors, Shelly Jones and Warren Gregory Jones, ("Debtors") seeking entry of an order granting a stay pending appeal of this Court's April 25, 2023, order granting relief to a secured creditor from the automatic stay. For the reasons set forth below, the motion is denied.

### Jurisdiction

The Court has subject matter jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b) and 157(a), (b)(1), and (b)(2)(A) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012.

**Background**

The Debtors filed a voluntary Chapter 13 petition on January 20, 2023. (Vol. Pet., ECF[1] No. 1). Debtors filed a Chapter 13 plan on February 2, 2023. (Plan, ECF No. 15).

On February 14, 2023, PennyMac Loan Services, LLC, ("Pennymac") filed an objection to the confirmation of the Debtors' plan (Objection, ECF No. 16), and on March 28, 2023, Pennymac filed a motion for relief from stay. (Mot., ECF No. 18). Debtors filed opposition to the objection to confirmation, arguing Pennymac is not named on the note or any assignment on any public record. (Opp'n to Objection, ECF No. 22). The Debtors filed opposition to Pennymac's motion to lift the stay, arguing that Pennymac has no claim to their property, and that the loan documents submitted by Pennymac fail to show proper chain of title. (Opp'n to Mot., ECF No. 27). The Debtors opposition papers made various unsubstantiated allegations of fraud and harassment by the creditor, citing the creditor's stated intentions to seek relief from the stay. (*Id.*). Following a hearing on April 25, 2023, the Court entered an order lifting the stay to allow Pennymac to enforce its rights in and to the Debtors' real property.

On May 1, 2023, the Trustee moved to dismiss the Debtors' case. (Mot., ECF No. 30). The Trustee's motion sought dismissal pursuant to Bankruptcy Code § 1307(c)(1) for unreasonable delay which is prejudicial to creditors; 11 U.S.C. § 521(a)(1)(B)(iv) and Bankruptcy Rule 1007(b) for failing to file copies of all payment advices or other evidence of payment for last 60 days before the date of the filing of the petition by the Debtor from any employer of the Debtor; 11 U.S.C. § 1328(a) for failure to file a certification that all amounts payable under a domestic support obligation have been paid; for failing to provide the Trustee with 2021 and 2022 federal and state tax returns and refunds, if any; for failing to amend the plan

---

[1] Unless otherwise noted, all references to "ECF" are references to this Court's electronic docket in case number 23-35048-cgm.

to correct the plan months listed; and for failing to amend the plan to include all secured and priority creditors consistent with the amounts listed in the filed claims.  The Debtors opposed the motion.  (Objection to Mot., ECF No. 38).  The Court held a hearing on the motion on May 23, 2023.  At that hearing, the Trustee reported that the Debtors had provided tax returns and plan payments and that issues remained regarding whether all claims had been addressed and the correct dates of plan payments.

This Court entered a memorandum decision on May 24, 2023, granting the Trustee's motion to dismiss the Debtors' case.  (Mem. Decision, ECF No. 39).

On May 11, 2023, prior to the issuance of that decision, the Debtors moved for a stay pending appeal of the April 25 order granting the secured creditor Pennymac's relief from the automatic stay.  (Mot., ECF No. 35).  The Debtors purport to move in this motion pursuant to New York Civil Practice Law and Rules 2201 and 5519.  (*Id.*).  Debtors include scattered support from New York state law cases and one reference to Uniform Commercial Code § 1-308. (*Id.*). While New York state law is not applicable in this Court, the Court will analyze the substance of the Debtors' motion under the Federal Rules of Bankruptcy Procedure.

## Discussion

Rule 8007(a) of the Federal Rules of Bankruptcy Procedure states that a party must ordinarily first move in the bankruptcy court when seeking "a stay of a judgment, order, or decree of the bankruptcy court pending appeal."  (Fed. R. Bankr. P. 8007(a)(1)(A).

A movant seeking a discretionary stay pending appeal under Rule 8007 of the Federal Rules of Bankruptcy Procedure must demonstrate (1) that he would suffer irreparable injury absent a stay; (2) that other parties would suffer no substantial injury if the stay were granted; (3) that the public interest favors a stay; and (4) that there is a substantial possibility of success on

the merits of movant's appeal.  *See In re Sabine Oil & Gas Corporation*, 548 B.R. 674, 680–81 (Bankr. S.D.N.Y. 2016); *In re 473 W. End Realty Corp.*, 507 B.R. 496, 501 (Bankr. S.D.N.Y. 2014) (citing *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir.1992)); *In re Access Cardiosystems, Inc.*, 340 B.R. 656, 659 (Bankr. D. Mass. 2006); *In re Porter*, 54 B.R. 81, 82 (Bankr. N.D. Okla. 1985) ("This standard has been adopted by the federal courts in determining whether to grant a stay pending an appeal in bankruptcy matters.") (citation omitted).

"The movant's burden is a heavy one."  *See In re General Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009).  The moving party, "must show 'satisfactory' evidence on all four criteria" and "failure to satisfy one prong of this standard for granting a stay will doom the motion."  *Turner v. Citizens Nat'l Bank of Hammond (In re Turner)*, 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997).

The Debtors' motion contains only a few allegations in support of their motion.  Debtors request a stay "[s]o that the parties won't be injured while it awaits, the decision from this court. As serious legal questions are being raised. And while justification is being sought by this appellate division.  Based on decisions that were not addressed in our arguments before the bankruptcy court." (Mot., ECF No. 35).  Debtors attached a handwritten note, which states "[w]e ask this Court to protect our constitutional Rights before after and during the course of This case."  (*Id.*).

**Irreparable Harm Absent a Stay**

Debtors' allegations do not constitute irreparable harm.  A showing of probable irreparable harm is the "principal prerequisite" for the issuance of a stay pursuant to Rule 8007. *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016).  That harm "must be neither remote nor speculative, but actual and imminent." *ACC Bondholder Grp. v. Adelphia*

*Communs. Corp. (In re Adelphia Communs. Corp.)*, 361 B.R. 337, 347 (S.D.N.Y. 2007) (cleaned up). A "hypothetical and remote" harm is insufficient to constitute irreparable harm to stay a court's order pending appeal. *See In re Sabine Oil*, 548 B.R. at 682.

Debtors' most concretely stated harm, that their "constitutional Rights" may be violated is hypothetical and speculative. This motion concerns the Court's order lifting the automatic stay on the debtor's real property so that a secured creditor may commence or continue the foreclosure action. The possible harms that can result from that action may be fully remedied by monetary damages. *See In re 473 W. End Realty Corp.*, 507 B.R. 496, 502 (Bankr. S.D.N.Y. 2014) ("An injury that may be fully remedied by monetary damages does not constitute irreparable harm"). The Court finds that the Debtors fail to show irreparable harm.

**Potential Harm to Other Parties**

As the movant, the Debtors must establish that other parties will not suffer substantial harm if the stay is granted pending appeal. *See In re 473 W. End Realty*, 507 B.R. at 507–08. "In other words, the moving party must show that the balance of harms tips in favor of granting the stay." *See id*. (citing *ACC Bondholder Grp. V. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337, 347 (S.D.N.Y.2007)).

Debtors do not address this prong. The Court finds that there may be substantial harm to the secured creditor, Pennymac, if the stay is imposed for the duration of the appeal. Granting the Debtors' relief would further delay Pennymac's foreclosure action which it seeks to pursue with respect to its mortgage on the Debtor's property. (Aff. ¶ 6, ECF No. 18). The Court finds that the Debtors have failed to show no substantial harm to other parties.

**Substantial Possibility of Success on Appeal**

"The 'substantial possibility of success' test is considered an intermediate level between 'possible' and 'probably' and is 'intended to eliminate frivolous appeals.'" *In re Sabine Oil*, 548 B.R. at 683–84 (quoting *In re 473 W. End Realty*, 507 B.R. at 501).  The District Court's review of this Court's Denial Orders will be limited to whether this Court abused its discretion in denying the Plaintiff's Motions for Reconsideration.  *See O'Connor v. Pan Am Corp.*, 5 F.App'x 48, 51 (2d Cir.2001) ("The standard of review of a denial of a motion for reconsideration is abuse of discretion.") (citing *Devlin v. Transportation Communications Int'l Union*, 175 F.3d 121, 132 (2d Cir.1999)).

The Debtors have not demonstrated any possibility of success on appeal.  In hearings and in filings, the Debtors continue to make vague and broad accusations of violations of their constitutional rights.  They present no clear issues of fact or law to address.  Their arguments confuse state and federal law and are not relevant to the matters at hand.  Since the Debtors have made no showing that this Court erred in reaching its decisions, and have failed to present any relevant legal argument, this Court concludes that the Debtors have failed to demonstrate a substantial possibility of success on appeal.

**Public Interests That May Be Affected**

"The final factor considers the interest of third-parties who act in reliance of the bankruptcy court's ruling." *In re 473 W. End Realty*, 507 B.R. at 508 (internal quotation marks omitted).  Debtors' arguments do not address any interests of the general public that may be at stake.  Since the public has a strong interest in the expeditious administration of the bankruptcy proceedings and preventing the abuse of the court system by those who are unable or unwilling to pay their debts in a timely fashion, the public interest factor weighs heavily in favor of denying a stay pending appeal.  *See In re 473 W. End Realty,* 507 B.R. at 508 (citing *In re Taub*,

2010 WL 3911360, at *6 (Bankr. E.D.N.Y. 2010) ("where, as here, those standards [for a stay] are not met, a stay pending appeal would injure the interests of sound case management in the bankruptcy process, and as a consequence, would also injure the public interest."); *In re Hutter*, 221 B.R. 648, 651 (Bankr. D.Conn. 1998).

## Conclusion

The motion for a stay pending appeal is denied. The Secured Creditor shall submit an order within fourteen days of the issuance of this decision, directly to chambers (via E-Orders), upon not less than two days' notice to all parties, as required by Local Bankruptcy Rule 9074-1(a).



**Dated: June 6, 2023**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**